### M. S. ALGIER AND ANOTHER v. DAVID BLACK.

1—The case of Hall v. Keese (31 Tex. R., 504,) approved, as respects the time at which emancipation of the slaves took effect in Texas—to-wit: the 19th of June, 1865, that being the date of General Granger's proclamation on his arrival in this State.

2—Persons who speculated on the success of the rebellion, and made contracts founded on the chances of its success, will not be relieved from such contracts by the courts.

ERROR from Red River. Tried below before the Hon. Winston Banks.

There was an express warranty that the negroes in question were slaves for life, and on such warranty the plaintiff below based his right to recover. The defendants, besides excepting and pleading the general denial, answered that the *status* of the negroes at the date of the contract was as well known to the plaintiffs as to themselves, and that the uncertainty of the tenure by which they were held as slaves was matter of general notoriety. The other essential facts appear in the opinion.

*Wright & Sims,* for plaintiffs in error.

*Johnson & Bennett* and *F. W. Miner,* for defendant in error.

MORRILL, C. J.—The defendant in error instituted suit in the District Court to set aside a contract made by him and plaintiffs on the 4th of August, 1864, wherein and whereby the parties exchanged certain real estate for slaves. Plaintiffs, in the District Court, alleged that the reputed slaves were free at the time of the exchange. The defendants excepted generally to the cause of action, and also pleaded the general denial. The cause was submitted to the judge, who decided the same in favor of the plaintiff therein, treating and adjudicating it as if the cause of action were a debt, and the

real estate a mortgage to secure the payment thereof. The testimony introduced had no tendency to establish the freedom of the slave, or any other prominent allegation; and the judgment of the court was not responsive to either the allegations in the pleadings or the testimony.

From the briefs of the counsel it is presumed that the court assumed that the slaves were free when the contract was made, and therefore the negroes formed no consideration for the real estate conveyed. The records of this court apprise us that the public are greatly divided in opinion as to the time when slaves were emancipated, the three different periods being the 1st of January, 1863, the 19th of June, 1865, and the 18th of December, 1865; and it is supposed that the judge of the District Court considered that slaves were all free in Texas from and after the 1st of January, 1863. At the Austin branch of this court, at the last session, this court, with a full bench, after as full and mature deliberation as practicable, decided that the slaves in this State were practically free from and after the 19th of June, 1865, the time of the proclamation or order of General Granger, on his arrival in this State. And though a minority of the court considered that slavery ceased to exist in the United States from and after the date of the emancipation proclamation of President Lincoln, yet, in that and other cases the members of the court have been unanimous in the opinion that the court will not lend its aid to assist any one to obtain relief in a contract made in violation of positive law or public policy. Had, therefore, the effect of the President's proclamation been to abolish slavery on the 1st of January, 1863, the plaintiff, by his own showing, would not have been able to come into court alleging that he had voluntarily purchased free men as slaves, and received the assistance of the court to relieve him. As, however, the contract was made in August, 1864, when the contract was legal, the credulity of the purchaser of the slaves, that they would continue such, however baseless to others, who had both different views and notions, furnishes no cause of action. Those who speculated upon the

success of the rebellion against the United States, and made contracts founded upon chances of this success will not be heard in the courts of the United States in their request for relief from the iniquitous contracts. The principles which underlie this case were so fully considered in the case of Hall v. Keese, above referred to, that there is nothing left for us to do or say but to reverse and dismiss this case, which is done accordingly.

Reversed and dismissed.